Appellant Christina Burton ("appellant") appeals from the juvenile court's grant of the permanent custody of her children, Anthony and Isaiah Burton to the Cuyahoga County Department of Children and Family Services (CCDCFS).
Appellant assigns the following error for review:
 THE CUYAHOGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES FAILED TO SHOW CLEAR AND CONVINCING EVIDENCE THAT MOTHER, CHRISTINE BURTON, FAILED TO REMEDY THE CONDITIONS THAT PROMPTED REMOVAL OF HER CHILDREN FROM HER CARE.
Finding the appeal to lack merit, the judgment of the trial court is affirmed.
 I.
On August 20, 1997, CCDCFS filed a complaint requesting temporary custody of Anthony Burton (D.O.B. — January 2, 1996). In its complaint, CCDCFS asserted that Anthony had been neglected. Among other particular allegations, CCDCFS averred that appellant had a drug abuse problem and she failed to provide Anthony with permanent housing. On April 27, 1998, the court granted CCDCFS's request for temporary custody of Anthony.
On March 11, 1998, CCDCFS filed a complaint for the temporary custody of Isaiah Burton (D.O.B. — February 14, 1998). CCDCFS restated appellant's ongoing drug abuse problem and the lack of permanent housing. On September 23, 1998, the court ordered that Isaiah be committed to the temporary care and custody of CCDCFS.
On August 11, 1998, CCDCFS filed a motion for permanent custody of Anthony and Isaiah. On July 26, 1999, the trial court conducted a hearing on the motion for permanent custody.
The evidence presented at trial demonstrates that appellant had an ongoing drug problem. CCDCFS intervened when Anthony tested positive for marijuana and cocaine at birth in January 1996.
CCDCFS referred appellant to Hitchcock House for inpatient drug treatment. Appellant entered Hitchcock House on September 12, 1997; however, appellant left the program before completion on September 27, 1997.
On October 27, 1997, appellant was arrested for drug use and prostitution. As a condition of her probation, appellant started inpatient drug treatment at ORCA House in November 1997. Appellant finished the three-month impatient program at ORCA House, but she failed to complete the aftercare program. On March 5, 1998, appellant used crack cocaine and, as a result, she received a seven-month prison sentence for violating her parole.
Appellant was released from prison on November 14, 1998. Although CCDCFS had filed for permanent custody of her children, appellant continued to use drugs. Appellant sought detoxification and, on May 13, 1999, appellant entered the East Side Catholic IWOSAN Program. At the time of the hearing, appellant had only completed over two months of an eighteen-month program at IWOSAN.
IWOSAN indicated that it would be willing to provide a temporary room for appellant's children at its residential drug treatment facility. In addition, as part of its program, IWOSAN would help appellant secure housing upon completion of the residential portion of the drug treatment program.
In journal entries filed on August 18, 1999, the trial court granted CCDCFS permanent custody of Anthony and Isaiah. The trial court found that appellant failed to remedy the conditions causing her children to be removed from her care and that appellant failed to provide an adequate permanent home for her children. Therefrom, appellant filed a timely notice of appeal with this court.
 II.
In her sole assignment of error, appellant claims the juvenile court erred in awarding permanent custody of her children to CCDCFS. Appellant argues that the evidence presented at the hearing does not support the court's conclusions that: (1) she failed to remedy the conditions causing the children to be removed from her care; (2) she failed to obtain adequate permanent housing; and (3) she showed a lack of commitment to her children.
R.C. 2151.35(A) provides in part that the juvenile court must find from clear and convincing evidence that a child is abused, neglected, or dependent. Clear and convincing evidence requires that the proof "produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. Where the proof required must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof. State v. Schiebel (1990), 55 Ohio St.3d 71.
Once a child is adjudicated an abused, neglected or dependant child, the juvenile court may commit the child to the permanent custody of a public children services agency. R.C. 2151.353. A reviewing court will not overturn a permanent custody order unless the trial court acted in a manner which was arbitrary, unreasonable, or capricious. In re Leevetta Gabriel (Feb. 26, 1998), Cuyahoga App. No. 72374, unreported.
R.C. 2151.414, as effective at the time of the hearing,[1] provided that permanent custody may be granted to a movant if the juvenile court determines by clear and convincing evidence that permanent custody is in the best interest of the child. Factors to be considered include a determination that the child cannot be placed with either parent within a reasonable time or should not be placed with the parents; the parents' failure to substantially remedy the conditions which caused the child's removal from the home; chemical dependency of a parent; the parents' demonstrated lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so or an unwillingness to provide an adequate permanent home for the child; the parents' unwillingness to provide food, clothing, shelter, and other basic necessities for the child; or any other factor the court deems relevant.
Appellant first argues that she substantially remedied the condition causing the removal of her children, viz., her drug abuse problem. Appellant stresses that, at the time of the hearing, she had been clean for almost four months and was enrolled in a drug treatment program. However, appellant had only completed over two months of an eighteen-month program. Appellant had failed to successfully complete drug treatment programs in the past. Moreover, appellant's own witnesses acknowledged the possibility that she could relapse and start using drugs again. Therefore, the trial court did not err in finding that appellant had failed to substantially remedy her drug problem.
In addition, we agree with the trial court's finding that appellant failed to secure adequate permanent housing for her children. IWOSAN would have only provided housing for appellant and her children during the residential portion of her treatment. Moreover, we do not consider a room at a drug treatment center to be an adequate home for children. Although IWOSAN would try to help appellant find a home if she completed the residential portion of the drug treatment program, there is no guarantee that appellant would succeed in securing adequate permanent housing.
Based upon the foregoing, we find that the grant of permanent custody to CCDCFS was appropriate. Appellant's assignment of error is overruled. The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J. CONCURS; (See Concurring Opinion Attached) ANN KILBANE, J. CONCURS WITH BOTH OPINIONS (See Concurring Opinion Attached)
[1] The legislature enacted substantial amendments to R.C. 2151.414 on March 18, 1999, and again on October 29, 1999. However, we must apply the version of the statute in effect when CCDCFS filed its motions for permanent custody. Accord In re Seal (Mar. 16, 1998), Clermont App. No. CA-97-07-066, unreported; In re Thorn (Feb. 16, 2000), Summit App. No. 19597, unreported.